**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-_____

BETTY KERR,

      Plaintiff,

v.

SMOOTH OPERATORS, INC., a Wisconsin Corporation, and
EUGENE LOOMIS, individually.,

      Defendants.

---

**NOTICE OF REMOVAL**

---

      Defendant Smooth Operators, Inc. (hereinafter "SOI"), by and through undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Denver County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.      <u>INTRODUCTION</u>

      1.    Plaintiff Betty Kerr ("Plaintiff") initiated this lawsuit on May 1, 2020 against Defendants Smooth Operators, Inc. (SOI) and Eugene Loomis (Loomis), in the Bent County District Court, State of Colorado, captioned *Betty Kerr v. Smooth Operators, Inc. a Wisconsin Corporation, and Eugene Loomis, individually,* Civil Action No. 2020CV30004 and is now pending in that Court (the "State Action").  *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, "Plaintiff's Complaint."

2.     Plaintiff alleges that on May 21, 2017, she was involved in a collision with a vehicle owned by Smooth Operators, Inc. and driven by Mr. Eugene Loomis while she attempted to make a left-hand turn into her private drive way off of Highway 50 in Bent County, Colorado. *See* **Exhibit B**, at ¶¶ 6.  Plaintiff claims that Defendant Loomis collided with the driver's side of her vehicle after he "failed to adhere to a safe speed and lane transfer for the weight of Defendants, Smoother Operators, Inc.'s load and vehicle." See **Exhibit B**, at ¶¶ 6, 7.

## II.     <u>COMPLIANCE WITH THE RULES</u>

3.     All procedural requirements related to the removal of this action have been satisfied.

4.     SOI was served on May 27, 2020.  *See* **Exhibit C**, Affidavit of Service on SOI.

5.     Defendant Eugene Loomis consents to this removal, and will also be represented by undersigned counsel.  No Affidavit of Service has been filed reflecting service of this lawsuit upon Mr. Loomis at the time of this filing.  *See* **Exhibit F,** Civil Docket Sheet.

7.     This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant SOI and is timely under 28 U.S.C. §§ 1441 and 1446(b).

8.     A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

9.     Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

> **Exhibit A**     Civil Case Cover Sheet
>
> **Exhibit B**     Complaint and Jury Demand

|   | | |
|---|---|---|
| **Exhibit C** | Affidavit of Service on Smooth Operators, Inc. |
| **Exhibit D** | Summons on Smooth Operators, Inc. |
| **Exhibit E** | Summons on Eugene Loomis |
| **Exhibit F** | Civil Docket Sheet |

10.    Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

11.    Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12.    Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.    DIVERSITY JURISDICTION

13.    This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES

14.    There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff Kerr is a citizen of Colorado. *See* **Exhibit B**, ¶ 1.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

15.     SOI is a business, incorporated in the State of Wisconsin.  SOI is a corporation organized under the laws of the state of Wisconsin with a principal place of business at W8861 Creek Road, P.O. Box 717, Darien, Wisconsin, 53114.  *See* **Corporate Disclosure Statement** filed contemporaneously with this Notice of Removal.

16.     Defendant Eugene Loomis is a citizen of Iowa. *See* **Exhibit B**, ¶ 3.

17.     For purposes of federal diversity jurisdiction, the parties are completely diverse.  28 U.S.C. § 1441(b).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.     While not waiving SOI's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.  In her Complaint, Plaintiff alleges that she "has sustained serious personal injuries and property damage . . . [as well as] past and future non-economic losses, Including but not limited to loss of enjoyment of life, loss of quality of life, emotional distress, pain and suffering, and Inconvenience, past and future economic losses Including, but not limited to past and future medical and rehabilitation expenses, and lost wages; property damage and past and future physical impairment and disfigurement," caused by the subject incident.  **Exhibit B**, ¶¶ ***48, 49, 58, 59, 68, 69, 78, 79.[1]

19.     Furthermore, in the Civil Cover Sheet for the Complaint filed in Bent County District Court, Plaintiff states that she seeks a monetary judgment over $100,000.  **Exhibit A**.

20.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

---

[1] SOI denies Plaintiff's allegations regarding her alleged damages and injuries.

4

21.    In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

22.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

23.    Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000

and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

24.     In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."  **Exhibit A**.

25.     The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).  The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings."  *Id.*

26.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant SOI respectfully requests that the action now pending in the Bent County District Court, Case No. 2020CV30004, be removed therefrom to this Court and that all further proceedings be heard in this Court.

*Remainder of page intentionally blank.*

Respectfully submitted this 26th day of June, 2020.

HALL & EVANS, LLC

*s/ Paul T. Yarbrough*

Paul T. Yarbrough, #48518
Leviy P. Johnson, #44498
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
yarbroughp@hallevans.com
johnsonl@hallevans.com
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 26th day of June, 2020 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF.  In addition, I hereby certify that I have served via electronic mail the foregoing document to any non-CM/ECF participants:

***Attorneys for Plaintiff***
Brian E. Hefner, Esq., #52280
Collin J. Earl, Esq., # 41808
Ryan T. Earl, Esq., # 45910
EARL & EARL, PINC.
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906
Telephone: 719-900-2500
Facsimile: 719-269-8832
Brian@earlandearl.com

*s/ Erica H. Malloy*

Erica H. Malloy, Legal Assistant
Hall & Evans, LLC